UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAGER GROUP LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-2496-B |
| | § | |
| HEALTHCARE SOLUTIONS | § | |
| HOLDINGS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Jager Group LLC's Motion for Default Judgment (Doc. 11). For the following reasons, the Court **GRANTS** Jager Group's Motion.

## I.

## BACKGROUND

This case involves a breach of a settlement agreement. Jager Group and Defendant Healthcare Solutions Holdings, Inc. ("HSH") entered into a promissory note ("the Note") for $300,000 on May 7, 2019. Doc. 1, Compl., ¶¶ 8, 10. HSH eventually defaulted on the Note "by failing to make payment on the Note." *Id.* ¶ 13. After Jager Group made a demand for payment and HSH failed to pay, Jager Group filed a suit for breach of contract on June 27, 2022. *Id.* ¶¶ 16–18; Doc. 11, Mot. Default J., ¶ 10. The lawsuit was filed in the Northern District of Texas, Dallas Division, styled *Jager Group, LLC v. Healthcare Solutions Holdings, Inc.*, Civil Action No. 3:22-CV-1405-G. Doc. 11, Mot. Default J., ¶ 10. At the time, the balance of the Note was $375,800. Doc. 1, Compl., ¶ 14.

On August 30, 2022, the parties entered into a settlement agreement (the "Settlement Agreement"). *Id.* ¶ 18. HSH agreed to pay Jager Group $375,000 in three installments on October 1, November 1, and December 1, 2022. Doc. 1, Compl. Ex. A, § 2. If HSH failed to make these payments, Jager Group was to provide notice to HSH of such default. *Id.* §§ 3.1–3.2. HSH then had ten days to remedy the default or interest would begin to accrue on the payments. *Id.* § 3.2.

HSH failed to make a payment to Jager Group on October 1, 2022. Doc. 1, Compl., ¶ 21. Jager Group notified HSH of its default on October 6, 2022. *Id.* ¶ 22. HSH did not remedy its default within 10 days. *Id.* ¶ 24. HSH then failed to make its required payment on November 1, 2022. *Id.* ¶ 25. Jager Group filed this lawsuit on November 6, 2022, for breach of contract and fraudulent inducement. *Id.* ¶¶ 32–46. Jager Group later dismissed the fraudulent inducement claim without prejudice. *See* Doc. 6, Stip. of Dismissal. As of the date of the Complaint, HSH had made no payments under the Settlement Agreement. Doc. 1, Compl., ¶ 26.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for entry of default judgments in federal court. According to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b)(2).

That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (internal footnote omitted). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d

207, 212 (5th Cir. 1996). Rather, "the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

Courts have developed a three-part analysis to guide this discretion. *See, e.g.*, *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). In doing so, the Court assumes that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiffs should receive. *Ins. Co. of the W. v. H&G Contractors, Inc.*, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages."). Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with

mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310–11 (5th Cir. 1993).

## III.

## ANALYSIS

Applying this three-part analysis, the Court concludes that a default judgment is procedurally warranted and supported by a sufficient factual basis in Jager Group's Complaint.

A.  *An Entry of Default Judgment is Procedurally Warranted*

After reviewing Jager Group's motion in light of the *Lindsey* factors, the Court finds that default judgment is procedurally warranted. First, HSH has not filed any responsive pleadings. Consequently, there are no material facts in dispute. *See Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Second, HSH's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *See Ins. Co. of the W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). Third, there is no evidence before the Court to indicate that HSH's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fourth, HSH has failed to answer or otherwise respond to Jager Group's complaint or motion since being served with the complaint over three months ago. *See United States v. Washington*, 2017 WL 3394730, at *1–2 (N.D. Tex. Aug. 8, 2017) (Boyle, J.) (entering default judgment against a defendant that failed to answer or otherwise respond to the plaintiff's complaint for two months). Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by HSH. Thus, Jager Group has met the procedural requirements for default judgment.

B.  *There Is a Sufficient Basis for Judgment in the Pleadings*

In light of the entry of default, HSH is deemed to have admitted the well-pleaded allegations in Jager Group's Complaint. *See Nishimatsu*, 515 F.2d at 1206. However, HSH "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.* Thus, the Court must review the pleadings to determine whether they provide a sufficient basis for Jager Group's claim for relief. *See id.* In conducting this analysis, the Fifth Circuit draws "meaning from the case law on Rule 8," requiring "a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)). "The purpose of this requirement is to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotations omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, Jager Group seeks damages for HSH's breach of the settlement agreement. Doc. 1, Compl., 6–7. To prevail on its breach-of-contract claim, Jager Group must show "(1) the existence of a valid contract, (2) performance or tendered performance by [Jager Group], (3) breach of the contract by [HSH], and (4) damages sustained by [Jager Group] as a result of the breach." *See Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).[1]

After reviewing the Complaint, the Court finds that Jager Group has sufficiently pleaded its breach of contract claim. First, Jager Group has pleaded the existence of a valid contract and attached it to its Complaint. *See* Doc. 1, Compl., ¶¶ 18, 33; *see also* Doc. 1, Compl. Ex. A. Second, Jager Group has pleaded that it fully performed under the Settlement Agreement. *See* Doc. 1,

---

[1] The Court applies Texas law because the Settlement Agreement contains a Texas choice-of-law provision, *see* Doc. 1, Compl. Ex. A, § 6, and it does not appear to "violate[] a fundamental public policy of Texas," *see Smith v. EMC Corp.*, 393 F.3d 590, 597 (5th Cir. 2004).

Compl., ¶¶ 34, 44 (stating Jager Group dismissed its previous lawsuit in reliance on HSH's representations in the Settlement Agreement that it would make the three required payments). Third, Jager Group has pleaded breach by claiming HSH failed to make any of the required payments under the Settlement Agreement. *Id.* ¶¶ 21, 24–26; Doc. 11, Mot. Default J., ¶¶ 12, 14–17. Finally, Jager Group has sufficiently pleaded its damages. Doc. 1, Compl., ¶¶ 37–38; Doc. 11, Mot. Default J., ¶ 27. Therefore, the Court **GRANTS** Jager Group's Motion for Default Judgment on its breach-of-contract claim against HSH.

C.      *The Court Is Able to Calculate Damages with Certainty*

"After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Jager Group seeks "payment of all principal and interest due on the Settlement Agreement, prejudgment and post-judgment interest as provided by Texas law (including Tex[as] Fin[ance] Code § 304.003), and [Jager Group's] attorneys' fees and costs incurred in this matter pursuant to [Texas Civil Practice & Remedies Code] § 38.001(8)." Doc. 1, Compl., 7–8. Jager Group supports its request for actual damages by attaching the Settlement Agreement and calculating the interest in accordance with the Settlement Agreement's terms as of the Motion for Default Judgment's filing date. Doc. 11, Mot. Default J. Ex. 1-A; Doc. 11, Mot. Default J., ¶ 25 (determining the principal and interest owed to Jager Group totals $389,792.14). After review, the Court finds Jager Group has provided sufficient evidence of actual damages in the amount of $389,792.14.

As to attorneys' fees, "[u]nder Texas law, when a prevailing party in a breach of contract suit seeks fees, an award of reasonable fees is mandatory, as long as there is proof of reasonable fees." *Mathis v. Exxon Corp.*, 302 F.3d 448, 462 (5th Cir. 2002) (citing Tex. Civ. Prac. & Rem. Code § 38.001(8)). In determining reasonable attorneys' fees, the Fifth Circuit applies a two-step

procedure. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The district court must first "determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers." *Id.* at 324. "Then, the district court must multiply the reasonable hours by the reasonable hourly rates." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (defining base fee to be product of reasonable hours and reasonable rate)). The applicant bears the burden of establishing a reasonable number of hours expended and proving that billing judgment was exercised. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (citation omitted). Next, the Court can increase or decrease the award amount based on the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).[2] The fee applicant has the burden to demonstrate the reasonableness of the attorneys' fees and the need for any adjustment or enhancement under the *Johnson* factors. *See Blum*, 465 U.S. at 901–02.

Jager Group is seeking $714.48 in costs and $7,361.50 in attorneys' fees. Doc. 11, Mot. Default J., ¶ 26. Jager Group has attached a declaration of Mitchell R. Garrett, one of its attorneys. Doc. 11, Mot. Default J. Ex. 2. Garrett declares that the attorney hours billed in this case "are reasonable and necessary under the circumstances of this case." *Id.* ¶ 14. Garrett's declaration also includes an exhibit detailing how many hours Garrett and others spent on litigation and

---

[2] These factors include (1) the time and labor required to litigate the case; (2) the novelty and difficulty of the questions involved; (3) the skill required to litigate the case; (4) whether taking the case precluded the attorney from other employment; (5) the customary fee for similar work in the community; (6) the fee or percentage of recovery the attorney quoted to the client; (7) whether the client or case required expedited legal work; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the attorney-client relationship; and (12) awards made in similar cases. *Johnson*, 488 F.2d at 717–19.

descriptions of the tasks completed, as well as the hourly rates of all billing attorneys. Doc. 11, Mot. Default J. Ex. 2-D. Exhibit 2-D also includes cost breakdowns of the expenses Jager Group claims it is owed. *Id.* After reviewing the declaration and its exhibit, the Court finds that Jager Group has provided evidence of reasonable costs in the amount of $714.48 and fees in the amount of $7,361.50.

Jager Group also seeks post-judgment interest. Doc. 11, Mot. Default J., 7. The Court applies Texas Finance Code § 304.003, which sets the post-judgment interest rate at the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation. Tex. Fin. Code § 304.003(c)(1). The current prime rate is eight percent. Selected Interest Rates, Federal Reserve, https://www.federalreserve.gov/releases/h15/ (last visited April 3, 2023). The Court finds Jager Group is entitled to post-judgment interest at the rate of eight percent per annum.

To the extent Jager Group seeks additional damages, such as additional attorneys' fees if HSH files post-judgment motions or appeals, the Court finds that Jager Group has not provided sufficient evidence to support such fees. *See* Doc. 11, Mot. Default J., 7.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Jager Group's Motion for Default Judgment (Doc. 11). Accordingly, judgment in favor of Jager Group is **ORDERED, ADJUDGED, AND DECREED** against HSH in the amount of $389,792.14 in actual damages, along with an additional $104.17 per day from January 18, 2023, until the date of this judgment; $714.48 in costs; $7,361.50 in attorneys' fees; and post-judgment interest at a rate of eight percent per year beginning on the date of this judgment.

SO ORDERED.

SIGNED: April 5, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE